IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


| | | |
|---|---|---|
| VICEROY PETROLEUM, L.P., | § | CV. NO. SA-14-CV-00006-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| TADLOCK PIPE & RENTALS, INC., | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |


ORDER: (1) GRANTING DEFENDANT'S MOTION FOR LEAVE TO
DESIGNATE RESPONSIBLE THIRD PARTIES; (2) GRANTING MOTION FOR
LEAVE TO FILE AMENDED ANSWER TO ASSERT COUNTERCLAIM;
(3) DISMISSING AS MOOT MOTION FOR LEAVE TO STRIKE
COUNTERCLAIM

On October 29, 2014, the Court heard argument on the Motion for

Leave to Designate Responsible Third Parties filed by Defendant Tadlock Pipe &

Rentals, Inc. ("Defendant") (Dkt. # 11), the Motion to Strike Counterclaim filed by

Plaintiff Viceroy Petroleum, L.P. ("Plaintiff") (Dkt. # 14), and the Motion for Leave

to Amend filed by Defendant (Dkt. # 18).    Charles Sartain, Esq., appeared on

behalf of Defendant, and Jennifer Rauch, Esq., appeared on behalf of Plaintiff.

After careful consideration of the memoranda in support of and in opposition to the

motions, and in light of the parties' arguments at the hearing, the Court, for the

reasons that follow, **GRANTS** Defendant's Motion for Leave to Designate Responsible Third Parties (Dkt. # 11).   The Court also **GRANTS** Defendant's Motion for Leave to File an Amended Answer to assert its Counterclaims (Dkt. # 18), and therefore Plaintiff's Motion to Strike Counterclaim is **DISMISSED AS MOOT** (Dkt. # 14).

<u>BACKGROUND</u>

Plaintiff, an oil and gas operator, rented a string of pipeline from Defendant for use in well operations in Karnes County, Texas.   ("Compl.," Dkt. # 1 at 1.)   Plaintiff and Defendant entered into a series of contracts regarding the lease and delivery of various sections and joints of pipe, fittings, and tools associated with Plaintiff's operations on the well.   (<u>Id.</u> at 2.)

According to Plaintiff, although the pipe appeared to be in good shape, it was actually in "woefully poor condition," and "from the second day that [Plaintiff] used the pipe, the pipe virtually disintegrated in the well."   (<u>Id.</u> at 1.)   As a result, Plaintiff was forced to spend three months fishing out debris from the malfunctioning pipe out of the well, spending more than $1.6 million in third-party services to regain control of the well.   (<u>Id.</u>)   Moreover, Plaintiff asserts that it was forced to pay excessive rentals and, ultimately, lost the chance to improve the well as the wellbore had been damaged beyond repair.   (<u>Id.</u> at 2.)

On January 3, 2014, Plaintiff filed suit in this Court, asserting causes of

2

action for violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, negligence, gross negligence, and fraud.  (Id.)  On February 10, 2014, Defendant filed its Answer.  (Dkt. # 5.)

The Court's scheduling order provided that the parties must file all motions to amend or supplement pleadings or to join additional parties by July 11, 2014.  (Dkt. # 8.)  On July 11, 2014, Defendant filed a Motion for Leave to Designate Responsible Third Parties (Dkt. # 11) and a Counterclaim (Dkt. # 12), that brings a cause of action for breach of contract against Plaintiff.

On July 18, 2014, Plaintiff filed a Response in Opposition to Defendant's Motion for Leave to Designate Responsible Third Parties (Dkt. # 13), arguing that Defendant should have filed a motion seeking leave to amend or supplement its pleadings to join additional parties instead of filing the Motion for Leave to Designate Responsible Third Parties.  (Id. ¶ 2.)  Plaintiff also argues that the Motion for Leave to Designate is substantively deficient in several aspects.

Additionally on July 18, 2014, Plaintiff filed a Motion to Strike Counterclaim because the Counterclaim was untimely filed without the Court's leave and therefore must be stricken.  (Dkt. # 14 ¶ 6.)  Alternatively, should the Court deny the Motion to Strike, Plaintiff requests twenty-one days to respond to the Counterclaim.  (Id. ¶ 7.)

In response to Plaintiff's Motion to Strike, Defendant filed a Motion for

3

Leave to Amend its Answer to assert its Counterclaims on July 24, 2014.   (Dkt.

# 18.)   Defendant explains that counsel inadvertently failed to include a request for

leave to assert the Counterclaim when he filed it on July 11, 2014.   However,

because good cause exists for permitting Defendant to assert its Counterclaim, and

because Plaintiff will suffer no prejudice if the Counterclaim were allowed,

Defendant argues that the Court should grant leave to file the Counterclaim.   (Id. at

1–2.)   Alternatively, Defendant requests that the Court grant it leave to amend its

Answer to assert a claim for offset or recoupment.   (Id. at 2.)

ANALYSIS

I.    <u>Motion for Leave to Designate Responsible Third Parties</u>

Defendant moves to designate Complete Energy Services ("CES") and

Cot Oil Tool ("Cot") as responsible third parties pursuant to § 33.004 of the Texas

Civil Practice and Remedies Code.   (Dkt. # 11.)

Section 33.004 provides:

> (a) A defendant may seek to designate a person as a responsible third
> party by filing a motion for leave to designate that person as a
> responsible third party.   The motion must be filed on or before the 60th
> day before the trial date unless the court finds good cause to allow the
> motion to be filed at a later date.

Tex. Civ. Prac. & Rem. Code § 31.004.   "Chapter 33 allows a defendant liberally to

designate responsible third parties, including parties not subject to the court's

jurisdiction, immune from suit, or who are unknown."   <u>Fisher v. Halliburton</u>, CIV.

4

A. H-05-1731, 2009 WL 1098457, at *1 (S.D. Tex. Apr. 23, 2009).

Plaintiff first argues that the Motion for Leave to Designate Third

Parties should be denied on the basis that it "contradicts/attempt to circumvent"

federal rules for supplementing pleadings to join additional parties.

In <u>Withers v. Schneider National Carriers, Inc.</u>, the court addressed the

applicability of § 33.004 to a federal diversity action.   No. 2:13-CV-00180-JRG,

2014 WL 243458, --- F. Supp. 2d ---, at *2 (E.D. Tex. Jan. 22, 2014).   There, the

plaintiff also argued that third-party practice in federal courts should instead be

governed by Rule 14 of the Federal Rules of Civil Procedure.   <u>Id.</u>   The court noted

that despite a lack of Fifth Circuit precedent, various other district courts within the

circuit had concluded that the designation of a responsible third party under § 33.004

does not conflict with Rule 14.   <u>Id.</u> (citing <u>Muniz v. Stanley</u>, No. L-06-cv-126, 2007

WL 1100466, at *2 (S.D. Tex. Apr. 11, 2007)).   The court noted:

> While Rule 14 dictates how third-parties may be formally joined and
> become parties to the suit subject to liability, under § 33.004
> responsible third parties are not joined as parties—they are only
> designated as being responsible without being made parties to the suit.
> "Rather than requiring formal joinder, § 33.004 provides a mechanism
> to designate responsible third parties who then may be apportioned
> fault."   <u>Muniz</u>, 2007 WL 1100466, at *3.   The designation "does not
> itself impose liability" on the responsible third party, nor can it be used
> in any other proceeding for purpose of res judicata or collateral
> estoppel.   Tex. Civ. Prac. & Rem. Code § 33.004(i).   Thus, § 33.004
> exists to allow proper allocation of fault among both the named
> defendants and those persons designated as responsible third parties,
> rather than to govern the procedures by which third-parties may be

brought into the case as Rule 14 does.

<u>Id.</u>  The court found no conflict between §33.004 and Rule 14, and therefore was "not persuaded that Rule 14 forecloses the applicability of § 33.004 in federal diversity actions and holds accordingly that § 33.004 is substantive law and applies in the instant case."  <u>Id.</u>

  As the court in <u>Withers</u> held, designating parties as responsible third parties under § 33.004 is not governed by the same procedures by which third-parties may be brought into a case pursuant to the Federal Rules of Civil Procedure.   Several other courts within the Fifth Circuit have held the same.   <u>See Vaughn v. Chevron USA Inc.</u>, No. H-12-0404, 2013 WL 2152104, at * 1 (S.D. Tex. May 16, 2013) ("Courts in the Fifth Circuit, including those in this district, have found that 'there is no conflict between designating responsible third parties under § 33.004 and Rule 14, because Rule 14 governs joining third parties, not designating them as responsible for the purpose of limiting the liability and damages of those who are parties to the suit.'   Because the responsible third party laws in Texas are substantive and do not conflict with federal law, they apply [here]." (internal citations omitted)); <u>Cortez v. Frank's Casing Crew & Rental Tools</u>, No. V-05-125, 2007 WL 419371, at *2 (S.D. Tex. Feb. 2, 2007) ("Several district courts have interpreted this statutory language and concluded that the designation of a

responsible third party under § 33.004 does not conflict with Federal Rule of Civil

Procedure 14."); <u>Werner v. KPMG LLP</u>, 415 F.Supp. 2d 688, 703 (S.D. Tex. 2006);

<u>Alvarez v. Toyota Motor Corp.</u>, No. 3:06-CV-0340-D, 2006 WL 1522999 (N.D.

Tex. May 8, 2006) ("This court has applied § 33.004 in a diversity case, and it will

continue to do so until persuaded that the statute does not apply." (internal citations

omitted)).   This Court agrees with the same reasoning, and concludes that

Plaintiff's argument that the Motion for Leave to Designate Third Parties should be

denied on the basis that it "contradicts/attempt to circumvent" federal rules for

supplementing pleadings to join additional parties fails.

       Plaintiff next argues that § 33.004 is part of the Texas statutory scheme

for determining proportionate responsibility in tort actions and, thus, cannot apply to

Plaintiff's contract claims.   (Dkt. # 13 ¶ 3.)   The Court agrees.   See <u>In re Today's</u>

<u>Destiny, Inc.</u>, 388 B.R. 737, 756 (S.D. Tex. Brptcy. 2008) ("The Texas

Proportionate Responsibility Statute only applies to causes of action based on

tort."); <u>see</u> Tex. Civ. Prac. & Rem. § 33.002.   Therefore, as to Plaintiff's breach of

contract claims, CES and Cot may not be designated as responsible third parties

under Texas' proportionate responsibility scheme.

       However, Plaintiff has also asserted a DTPA claim and claims for

negligence, gross negligence, and fraud.   Assuming Defendant has met the

standards to designate CES and Cot as responsible third parties, § 33.004 applies to

7

those claims.<sup>1</sup>   See Nels Cary, Inc. v. Day, No. 3:07-CV-0832-D, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008) ("In Texas, when a defendant is sued in tort or under the DTPA, his ultimate liability is reduced by a percentage of responsibility attributed to a 'responsible third party.'").

Section 33.004 provides that the court shall grant leave to designate the person as a responsible third party unless a party objects to the motion, establishing that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.   See Tex. Civ. Prac. & Rem. § 33.004(g).

Under Texas law, a "fair notice" pleading standard applies which requires a "statement in plain and concise language of the plaintiff's cause of action . . . ."   See Tex. R. Civ. P. 45(b); Holmes v. Acceptance Cas. Ins. Co., 942 F. Supp. 2d 637, 646 (E.D. Tex. 2013).   "The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense."   Holmes, 942 F. Supp. 2d at 646; see Nationwide Lloyds Ins. Co. v. Norcold, Inc., A-09-CA-113 LY, 2009 WL 3381523 (W.D. Tex. Oct. 19, 2009) ("Under Texas Rule of Civil

---

[1] "Texas courts apply Chapter 33 to fraud claims and to statutory tort claims that do not include a separate and conflicting legislative fault allocation scheme."   Werner v. KPMG LLP, 415 F. Supp. 2d 688, 703 (S.D. Tex. 2006) (citing Sw. Bank v. Info. Support Concepts, Inc., 149 S.W.3d 104, 111 (Tex. 2004)).

Procedure 47(a), a pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense.")

Plaintiff argues that Defendant has not pled sufficient facts concerning the alleged responsibility of CES and Cot to satisfy Texas's pleading requirements. Plaintiff contends that Defendants Motion for Leave to Designate fails to specify how CES or Cot have contributed to Plaintiff's harm by infringing an applicable legal standard and thereby fails to give sufficient notice of the alleged responsibility of CES and Cot.   (Dkt. # 13 ¶ 5.)

Section 33.011(6) of the Texas Civil Practice and Remedies Code defines a responsible third party as "any person who is alleged to have caused or contributed to causing in any way to the harm for which recovery of damages is sought."   Tex. Civ. Prac. & Rem. Code § 33.011(6).   "Accordingly, defendants only need to plead facts capable of showing how the third-parties they seek to designate as responsible third-parties caused or contributed to [plaintiff's] alleged injury, not to their own conduct."   PEMEX Exploracion y Produccon v. Murphy Energy Corp., 923 F. Supp. 2d 961, 983 (S.D. Tex. 2013).   Here, Plaintiff seeks damages not only for those directly caused by Defendant's pipe, but also for "more than $1.6 million [spent] in third-party services to re-gain control of the well, excessive rentals, and perhaps even worse, the loss of the chance to improve the well . . . ."   (Compl. at 1.)

9

Keeping in mind Texas' "fair notice" pleading standard, Defendant alleges that Plaintiff enlisted CES's services and CES provided a drilling rig that Plaintiff used to perform the workover services as well as the personnel to operate the workover rig.   In performing these workover services, Defendant alleges that CES "over-torqued" Defendant's pipe and was otherwise negligent, causing the damage that Plaintiff alleges it suffered.   (Dkt. # 11 ¶ 3.)   Once the pipe was destroyed, Defendant alleges that Plaintiff hired Cot to perform fishing operations to retrieve the damaged pipe and clear the Well.   Defendant asserts that in performing those operations, Cot caused damages to the well and increased the damages Plaintiff alleges it suffered.   (Id. ¶ 4.)

Defendant has alleged that these services performed by CES and Cot contributed to the damages Plaintiff alleges it suffered.   (Dkt. # 11 ¶ 12.) Defendant asserts that CES and Cot violated applicable legal standards, which caused or contributed to cause the harm for which Plaintiff seeks recovery of damages from Defendant.   Moreover, Defendant alleges that CES and Cot, by and through their employees, agents, or representatives failed to exercise the degree of care that a person with ordinary prudence would exercise under the same or similar circumstances in operating the drilling rig, performing workover operations, performing milling services, and conducting fishing operations.   (Id.)   Defendant contends that these acts and omissions constitute negligence and were a proximate

10

cause of the injuries and damages allegedly sustained by Plaintiff and claimed in this lawsuit.   (Id.)

Defendant has plead sufficient facts concerning the alleged responsibility of the person to satisfy the "fair notice" pleading requirements of the Texas Rules of Civil Procedure.   Accordingly, the Court **GRANTS** Defendant's Motion for Leave to Designate Responsible Third Parties.   Plaintiffs are not precluded from moving to strike the designation of CES and/or Cot as responsible third parties after discovery is completed in this case.

II.   <u>Motion for Leave to Amend Answer and Motion to Strike</u>

Plaintiff next moves to strike the Counterclaim filed by Defendant on July 11, 2014.   (Dkt. # 14.)   Plaintiff argues that Defendant filed the Counterclaim 151 days after it served its answer, but did not seek leave of Court as required by Rule 15 of the Federal Rules of Civil Procedure.   (Id.)

In response, Defendant has filed a Motion for Leave to Amend (Dkt. # 18), seeking to amend its answer to include its Counterclaims and explaining that it inadvertently failed to include a request for leave to assert its Counterclaim.   (Id.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend his pleading only with the opposing party's consent or the court's leave.   Fed. R. Civ. P. 15(a)(2).   The rule dictates that the "court should freely give leave when justice so requires."   Id.   However, "Rule 16(b) governs amendment of

11

pleadings after a scheduling order deadline has expired."   S&W Enters. L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).   Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."   Fed. R. Civ. P. 16(b); Fahim v. Marriot Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008) ("[O]nce a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" (quoting S&W Enters., LLC v. Southtrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003))).   "As to post-deadline amendment, a party 'must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend.'"   Id. (quoting Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003).

The Fifth Circuit employs four factors to determine whether there is "good cause" in the context of untimely motions to amend pleadings: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.   Fahim, Inc., 551 F.3d 344 at 348.

Defendant asserts that the explanation for its failure to timely move for leave to amend is mere oversight.   (Dkt. # 18 ¶ 8.)   After recognizing the error,

12

Defendant quickly moved for leave to amend, less than two weeks after the scheduling order deadline for doing so.   (Id.)

Defendant argues that the importance of the amendment is high. Plaintiff has alleged that Defendant breached a contract and Defendant seeks to assert a counterclaim that Plaintiff breached the same contract.   Defendant points out that if not permitted to raise this claim, it will not be able to pursue it in another forum as it is a compulsory counterclaim and would later be barred by res judicata. (Id. ¶ 9.)

Defendant argues that Plaintiff will not be prejudiced by permitting the Counterclaim as the parties still have time for discovery in this matter.[2]   Moreover, Defendant asserts that because there is no trial date set in this case, a continuance of the trial date is not necessary, but it will agree to any reasonable extension of time in this case should Plaintiff require one in light of Defendants' assertion of a Counterclaim.   (Id. ¶ 13.)

The Court concludes that Defendant has shown good cause for the untimely Motion for Leave to Amend.   Accordingly, the Court **GRANTS** Defendant's Motion for Leave to Amend its Answer to include its Counterclaim (Dkt. # 19).   Therefore, Plaintiff's Motion to Strike Counterclaim is rendered

---

[2] On October 20, 2014, the Court granted a Joint Motion to Amend Scheduling Order (Dkt. # 27) filed by the parties, extending the discovery deadline to December 8, 2014.

**MOOT**.   Plaintiff is granted 21 days from the date of this Order in which to respond to Defendant's Counterclaim.

CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Leave to Designate Responsible Third Parties.   Because the Court also **GRANTS** Defendant's Motion for Leave to Amend its Answer, the Motion to Strike Counterclaim filed by Plaintiff is **MOOT**.   The Clerk of the Court shall docket and file Defendant's Amended Answer to Plaintiff's Original Complaint and Counterclaims, attached to its Motion for Leave to Amend as Exhibit 1.

Plaintiff is granted 21 days from the date of this Order to respond to Defendant's Counterclaims.

IT IS SO ORDERED.

DATED: San Antonio, Texas, October 29, 2014.

_____
David Alan Ezra
Senior United States Distict Judge